# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF INDIANA
### FORT WAYNE DIVISION

| | |
|---|---|
| **JESSE NORWOOD,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | ) **CAUSE NO. 1:15-cv-00249-SLC** |
| | ) |
| **EAST ALLEN COUNTY SCHOOLS,** | ) |
| | ) |
| **Defendant.** | ) |

## OPINION AND ORDER

Before the Court is *pro se* Plaintiff Jesse Norwood's Motion for a Court Appointed

Attorney filed on November 3, 2017 (DE 137), requesting that the Court appoint counsel to

represent him because he is unable to afford an attorney and because a personal matter prevents

him from continuing to represent himself. Norwood was initially represented by counsel in this

case. (*See, e.g.*, DE 1). However, following a breakdown in the attorney-client relationship, the

Court granted Norwood's counsel's motion for leave to withdraw (DE 17), and Norwood chose

to proceed *pro se* (DE 20).

Civil litigants do not have a right, either constitutional or statutory, to court-appointed

counsel. *Pruitt v. Mote*, 503 F.3d 647, 649 (7th Cir. 2007) (citing *Jackson v. Cty. of McLean*,

953 F.2d 1070, 1071 (7th Cir. 1992)); *Luttrell v. Nickel*, 129 F.3d 933, 936 (7th Cir. 1997);

*Zarnes v. Rhodes,* 64 F.3d 285, 288 (7th Cir. 1995). Rather, district courts are empowered to

appoint an attorney to represent a plaintiff without charge when he is "unable to afford counsel,"

28 U.S.C. § 1915(e)(1), or "in such circumstances as the court may deem just," 42 U.S.C. §

2000e-5(f)(1). The Seventh Circuit has instructed that the following factors should be weighed

by the district court when determining whether appointment of counsel is warranted: (1)

whether the plaintiff has made a reasonable attempt to obtain counsel or been effectively

precluded from doing so; and (2) given the difficulty of the case, whether the plaintiff appears

competent to litigate it himself. *Pruitt*, 503 F.3d at 654-58; *Sherrill v. Potter*, 329 F. App'x 672,

674-75 (7th Cir. 2009) (applying the *Pruitt* factors in a Title VII case); *Darden v. Ill. Bell Tel.*

*Co.*, 797 F.2d 497, 500-01 (7th Cir. 1986) (instructing the court to consider "the merits of the

plaintiff's claim, the plaintiff's diligence in attempting to obtain a lawyer, and the plaintiff's

financial ability to retain counsel" when considering a motion to appoint counsel under Title VII

(citation omitted)).

Here, there is a threshold problem with Norwood's request for counsel. "[P]roceeding *in*

*forma pauperis* pursuant to 28 U.S.C. § 1915 is a prerequisite to appointment of counsel under

1915." *Hairston v. Blackburn*, No. 09-cv-598, 2010 WL 145793, at \*10 (S.D. Ill. Jan. 12, 2010).

Norwood has already paid the filing fee (*see* DE 1), and he has not applied to proceed *in forma*

*pauperis*. This is sufficient to deny Norwood's request for counsel at the outset. *See Shoultz v.*

*Ill. State Univ.*, No. 10-cv-1046, 2010 WL 744576, at \*1 (C.D. Ill. Feb. 26, 2010) ("The Court

has determined that Plaintiff is not indigent, and thus declines to seek pro bono representation on

his behalf." (collecting cases)). Further, although Norwood claims in his motion that he is

unable to afford an attorney (DE 137), his former counsel's motion for leave to withdraw was

premised on a breakdown of the attorney-client relationship and not an inability to compensate

counsel (DE 17).

But even if Norwood had satisfied the *in forma pauperis* requirement, he has not shown

any effort to obtain new counsel. This Court has previously required that a *pro se* plaintiff

contact at least three attorneys concerning his case before the Court will consider appointing an

attorney. *See, e.g.*, *Pollard v. Meadows*, No. 1:15-cv-00330-RLM-SLC, 2016 WL 128531, at \*1

(N.D. Ind. Jan. 11, 2016). Therefore, Norwood fails to satisfy this threshold requirement

concerning a request for recruitment of counsel. *Jackson*, 953 F.2d at 1073 ("If, however, the

indigent has made no reasonable attempts to secure counsel (unless circumstances prevented him

from doing so), the court should deny any § 1915(d) motions outright.").

Furthermore, it is evident that Norwood is capable of representing himself in this

matter. This suit is a relatively straightforward employment discrimination action: Norwood

claims that his former employer, East Allen County Schools, discriminated against him based on

his race and constructively discharged him. Therefore, the level of difficulty involved in

litigating this case is a factor that cuts against Norwood's request for counsel. *See, e.g.*, *Jagla v.*

*LaSalle Bank*, No. 05 C 6460, 2006 WL 1005728, at *5 (N.D. Ill. Apr. 12, 2006) (denying

plaintiff's request for counsel in a straightforward national origin discrimination case, observing

that the issue did not involve any "nonintuitive procedural requirements applied in a setting of

complex legal doctrine" (quoting *Hughes v. Joliet Corr. Ctr.*, 931 F.2d 425, 429 (7th Cir.

1991))).

Moreover, Norwood advised the Court that he would proceed *pro se* more than a year

ago, on November 3, 2016. (DE 20). Since then Norwood has participated in various hearings

(*e.g.*, DE 82; DE 111), filed numerous motions (*e.g.*, DE 61; DE 113), and engaged in discovery

with Defendant (*e.g.*, DE 84; DE 99). It is evident that Norwood is articulate, assertive, and

possesses good communication skills, certainly at a sufficient level to proceed *pro se*. *Cf. Dewitt*

*v. Corizon, Inc.*, 760 F.3d 654, 658 (7th Cir. July 25, 2014) (reversing a district court's denial of

request for counsel pertaining to "a blind and indigent prisoner with a tenth-grade education and

no legal experience" in a case involving complicated medical matters); *Henderson v. Ghosh*, 755

F.3d 559, 567 (7th Cir. 2014) (reversing a district court's denial of request for counsel where the

record reflected plaintiff's low IQ, functional illiteracy, and poor education).  Also, Norwood is

not incarcerated, and thus, he has the freedom and ability to perform his own legal research.

In sum, Norwood has not established that he is unable to pay for representation, that he

has attempted to obtain counsel, or that he lacks the ability to represent himself.  Consequently,

Norwood's request for court-appointed counsel (DE 137) is DENIED.

SO ORDERED.

Entered this 9th day of November 2017.

/s/ Susan Collins
Susan Collins
United States Magistrate Judge