# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# FORT WAYNE DIVISION

| | |
|---|---|
| JESSE NORWOOD, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Case No. 1:15-cv-00249-SLC |
| EAST ALLEN COUNTY SCHOOLS, | ) ) ) |
| Defendant. | ) |

## OPINION AND ORDER

On September 28, 2018, this Court entered an Opinion and Order (the "Order") granting Defendant's motion for summary judgment and dismissing all of *pro se* Plaintiff's claims. (DE 193). A Judgment in a Civil Action (the "Judgment") in favor of Defendant was entered that same day. (DE 194). Accordingly, any notice of appeal of that Order and Judgment needed to be filed with the district clerk on or before October 28, 2018. *See* Fed. R. App. P. 4(a)(1)(A).

Now before the Court is a one-page document entitled "Belated Appeal" filed by Plaintiff on February 1, 2019. (DE 195). In the document, Plaintiff states that he never received a copy of the Order or the Judgment and that he learned "from a person on the street" that his case had been terminated. (DE 195 at 1). Plaintiff asks that his case be reopened so that he can file an appeal of the Order and the Judgment.[1] Defendant has not filed a response to Plaintiff's "Belated Appeal," and its time to do so has now passed. *See* N.D. Ind. L.R. 7-1(d)(2)(A).

---

[1] Plaintiff also states that he should be appointed a lawyer to represent him because he "requested in a timely manner," and that the undersigned Magistrate Judge be removed from the case "because [Plaintiff] was prejudiced in her ruling." (DE 195). Of course, the denial of Plaintiff's two prior requests for counsel (DE 137; DE 138; DE 144; DE 146) are issues to be brought up in an appeal. As to Plaintiff's request for the removal of the undersigned Magistrate Judge, a judgment has already been entered in this case, and thus, Plaintiff's request is moot. In any event, while Plaintiff is understandably unhappy with the Court's ruling against him, bias is not established "merely because a party loses on the merits." *In re Golant*, 239 F.3d 931, 938 (7th Cir. 2001) (citation omitted).

Federal Rule of Civil Procedure 77(d)(1) states, in relevant part: "Immediately after entering an order or judgment, the clerk must serve notice of the entry, as provided in Rule 5(b), on each party who is not in default for failing to appear. The clerk must record the service on the docket." Here, the Clerk's docket entries for the Order and the Judgment on September 28, 2018, lack an express notation that Plaintiff was mailed a copy of these documents; other prior Orders entered by the Clerk, however, have that notation. (*Compare* DE 193 *and* DE 194, *with*, *e.g.*, DE 187 *and* DE 192). This omission lends credence to Plaintiff's assertions that he never received a copy of the Order or the Judgment. The Court further notes that, for the most part, Plaintiff has diligently prosecuted this case since its inception on September 8, 2015.

Nevertheless, a lack of notice does not automatically reopen the time for filing an appeal. Rather, Rule 77(d)(2) states that "[l]ack of notice of the entry does not affect the time for appeal or relieve—or authorize the court to relieve—a party for failing to appeal within the time allowed, except as allowed by Federal Rule of Appellate Procedure 4(a)." Appellate Rule 4(a)(6), in turn, states:

> The district court may reopen the time to file an appeal for a period of 14 days after the date when its order to reopen is entered, but only if all the following conditions are satisfied:
>
> (A) the court finds that the moving party did not receive notice under Federal Rule of Civil Procedure 77(d) of the entry of the judgment or order sought to be appealed within 21 days after entry;
> (B) the motion is filed within 180 days after the judgment or order is entered or within 14 days after the moving party receives notice under Federal Rule of Civil Procedure 77(d) of the entry, whichever is earlier; and
> (C) the court finds that no party would be prejudiced.

Fed. R. App. P. 4(a)(6).

Here, the Clerk's docket entries dated September 28, 2018, lack a notation that service of the Order and the Judgment were made on Plaintiff. (DE 193; DE 194). Nor is there is any evidence that Defendant served notice of the entry of the Order and the Judgment on Plaintiff. *See* Fed. R. Civ. P. 77(d)(1). As such, the Court finds that Plaintiff did not receive notice for purposes of Federal Rule 77(d) within 21 days of entry of the Order and the Judgment, satisfying subsection (A) of Appellate Rule 4(a)(6).

Moving on to subsection (B) of Appellate Rule 4(a)(6), there is no evidence that Plaintiff has been sent a copy of the Order and the Judgment to date, and Plaintiff filed the motion within 180 days after the Order and Judgment were entered. Thus, subsection (B) is also satisfied here. Finally, as to subsection (C), Defendant declined to file a response to Plaintiff's "Belated Appeal," and thus, there is no showing of prejudice on this record. *See, e.g.*, *Chapman v. Clark*, No. 98 C 5495, 2002 WL 31045386, at *2 (N.D. Ill. Sept. 9, 2002) ("By 'prejudice' the Committee means some adverse consequence other than the cost of having to oppose the appeal and encounter the risk of reversal, consequences that are present in every appeal." (quoting Fed. R. App. P. 4(a)(6)(C) advisory committee's note)).

Therefore, on this record, the Court finds that notice of the Order and the Judgment were not sent by the Clerk in accordance with Rule 77(d), and that Plaintiff has satisfied the requirements of Appellate Rule 4(a)(6). Accordingly, Plaintiff's motion to reopen the time to appeal (DE 195) is GRANTED. **Plaintiff shall have 14 days from the date of this Opinion and Order to file an appeal of the Order and the Judgment with the district court**. The Clerk is DIRECTED to send a copy of this Opinion and Order, together with a copy of the Order (DE 193)

and a copy of the Judgment (DE 194) dated September 28, 2018, to Plaintiff via certified mail, recording such mailing on the docket. Additionally, Defendant is DIRECTED to send to Plaintiff, instanter, a copy of this Opinion and Order, together with a copy of the Order (DE 193) and a copy of the Judgment (DE 194).

SO ORDERED.

Entered this 26th day of February 2019.

/s/ Susan Collins
Susan Collins
United States Magistrate Judge